# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6261 | **DATE** | 4/16/2010 |
| **CASE TITLE** | Alva vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Currently before the Court is Defendants' joint motion for reconsideration of their motion for entry of a protective order [49]. For the reasons stated below, Defendants' motion is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

**I. Background**

Defendants sought – and, in the pending motion for reconsideration, still seek – the entry of a protective order designating as confidential certain information that may be subject to discovery in this case, including the employment, disciplinary, financial, medical, and other sensitive or non-public information regarding plaintiff, defendants, and non-party witnesses. Among the records that Defendants seek to include as confidential are the complaint register files ("CRs") related to the individual Defendant Officers, which contain disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by the officers. Plaintiff objected to Defendants' proposed protective order only to the extent that it related to disciplinary records, including the CRs.

Previously, Defendants argued that the CRs should be protected as a part of police officers' personnel records, pursuant to an exemption which was provided for in the previous version of FOIA. On October 8, 2009, the Court denied Defendants' motion for a protective order, finding that the disciplinary records could not be protected under Defendants' proposed protective order. The Court relied primarily on the Illinois Appellate Court for the Fourth District's decision in *Gekas v. Williamson*, 912 N.E. 2d 347 (Ill. App. Ct. 2009), which found that disciplinary records are not "personnel records" exempt under FOIA. In *Gekas*, the plaintiff sought copies of all complaints that citizens had made against a police officer, including all records relevant to those complaints. The sheriff refused to disclose the records on the ground that they were part of the officer's personnel file, and consequently were exempt from disclosure under FOIA Section 7(1)(b)(ii). The court held that the former FOIA section 7(b)(1)(ii) exempts "only 'personal information' in personnel files." 912 N.E. 2d at 349. In light of that statutory interpretation, the court held that because the complaints at issue were "not generated for [the officer's] personal use, and * * * [did] not concern his personal affairs," they were public records that were not exempt from disclosure. *Id.* at 356.

**STATEMENT**

The Court determined that the *Gekas* court's interpretation of FOIA Section 7(1)(b)(ii) was consistent with the Supreme Court of Illinois' observation that "[t]he fact that [a document] may be physically maintained within a public employee's personnel file is insufficient to insulate it from disclosure." *Stern v. Wheaton-Warrenville Community Unit School Dist. 200*, 233 Ill.2d 396, 412, 910 N.E.2d 85, 95 (Ill. 2009). Rather, records contained in personnel files are exempt only to the extent that (consistent with the exemption's purpose) their disclosure would "violate personal privacy." *Id.* As the *Stern* court noted, "the Act expressly provides that '[t]he disclosure of information that bears on the public duties of public employees * * * shall not be considered an invasion of personal privacy.'" *Id.* Therefore, if a document bears on the public duties of public employees, its "physical location within an otherwise exempt record is irrelevant." *Id.* Other recent decisions in this district likewise have concluded that CRs do not fall within the FOIA exemption for personnel files and that the FOIA does not establish good cause for issuing an order shielding CRs from disclosure. See, *e.g.*, *Fuller v. City of Chicago*, No. 09-cv-1672 (N.D. Ill. Nov. 10, 2009); *Goldhamer v. City of Chicago*, No. 07-cv-5286 (N.D. Ill. Nov. 2, 2009). However, as explained below, a recent amendment to the FOIA has altered the legal landscape since those decisions – and this Court's prior decision in *Alva* – were issued.

**II.     Analysis**

  **A.     Standard on a Motion to Reconsider**

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (elaborating that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.").

  **B.     Protective Orders**

Federal Rule of Civil Procedure 26(c) permits this Court to enter protective orders "for good cause shown." Defendants argue that good cause exists with respect to the disciplinary records and CRs because some of the complaints against the officers are meritless, such that their public disclosure would invade the officers' privacy rights, and could risk the safety of officers and their families, make officers targets of baseless lawsuits, and undermine trust in the police. Defendants contend that the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/7, the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 et seq., Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct, and this District's Local Rule 83.53.6 protect the disciplinary records from disclosure. Plaintiff counters that the public has an interest in the disciplinary records, and that these records are public documents that find no protection under FOIA, the Illinois Personnel Records Review Act, or any other applicable rule.

  **C.     Recent FOIA Amendments**

The primary dispute between the parties remains whether the disciplinary records are exempt from public disclosure under Section 7(1)(b) of the FOIA. Since the Court issued its ruling on Defendant's motion of a

| STATEMENT |
|---|

protective order, recent changes to FOIA, which went into effect January 1, 2010, provide persuasive indications that *Gekas* no longer can be relied upon as the latest pronouncement of Illinois law on the subject of whether disciplinary records are subject to disclosure under FOIA.

FOIA begins with the proposition that records possessed by a "public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2010). The recently-amended FOIA on its face supports the notion that acts performed by those acting in a public capacity are not personal and cannot be hidden from public view. *Id*. Any public body that desires to keep records from public view must show that they fall into a FOIA exemption by clear and convincing evidence. *Id*. In fact, Section 7(c) specifically acknowledges the personnel records problem by stating, "[t]he disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140.

However, as pro-disclosure as the FOIA may appear, the newly-amended FOIA's list of exemptions now includes an express exemption shielding certain disciplinary records from public disclosure. Section 7(n) exempts from disclosure "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 ILCS 140/7(1)(n). Based on this amendment, Defendants no longer must argue that a CR fits within FOIA's exemptions because it is a personal and private part of an officer's personnel file; instead, they now contend that the 2010 amendments to FOIA reflect the General Assembly's decision to protect police officers from the publication of complaints that did not result in discipline.

The newly-amended FOIA expressly exempts from disclosure records *relating to* disciplinary adjudications. Thus, under the plain language of the newly amended FOIA, if CRs are classified as "records relating to a public body's adjudication of * * * disciplinary cases," they are exempted from disclosure. See *Lieber v. Board of Trustees of S. Illinois Univ.*, 176 Ill. 2d 401, 407 (Ill. 1997) (finding that where records fall within a specifically enumerated exemption of FOIA, "no further inquiry" is necessary). In other words, if the CRs come within the ambit of 5 ILCS 140/7(1)(n), Plaintiff's argument that such records are not protected "personal information," as held in *Gekas*, would be irrelevant.

Plaintiff argues that reliance upon this amendment to exempt CRs from disclosure is fatally flawed because CRs are not "adjudications." However, the amendment does not merely exempt "adjudications"; rather, it expressly references records "relating to" adjudications. Mindful of precedent that instructs that "relating to" is a liberal standard (see *Kopchar v. City of Chi.*, 395 Ill. App. 3d 762, 567 (Ill. Ap. Ct. 2009) (discussing FOIA); see also *Pierson v. Dean*, 742 F.2d 334, n. 2, 338 (7th Cir. 1984)(discussing "relating to" in an arbitration clause)), the Court looks to the procedures employed in disciplinary actions against police officers.

First, the Independent Police Review Authority (IPRA) collects complaints about police officers and investigates the complaints. After contacting the complainant and any witnesses to obtain statements, the investigator collects the relevant evidence and also questions the accused officer and any police department officials who may have knowledge of the alleged misconduct. Next, the IPRA classifies the result into the following categories: sustained, not sustained, unfounded, or exonerated. Finally, based on its investigation, the IPRA makes recommendations to the Superintendent of Police. If the IPRA and the Superintendent of the Police disagree as to the correct disciplinary steps, the Police Review Board (PRB) decides.

Plaintiff posits that complaint register files relate to the investigation of a complaint, and that the adjudication of the complaint occurs after IPRA has issued its finding. See also *Macias v. City of Chi.*, No. 09 C 1240 * 2 (N.D. Ill. Mar. 10, 2010). In other words, according to Plaintiff, IPRA is an investigatory, not adjudicatory,

**STATEMENT**

body because it does not settle disciplinary issues; rather, it simply makes recommendations and then either the Police Superintendent or the PBR makes the final decision.

This Court respectfully disagrees. See also *Bell v. City of Chicago*, 2010 WL 753297, at *2 (N.D. Ill. Feb. 26, 2010). Although IPRA's investigation does not involve oaths, cross-examinations, or confrontations, the initial investigation by IPRA triggers the adjudication. (Oral Arg. Tr. Mar. 3, 2010, 6:7-9, 9:3-5.) Without a CR, the adjudication of an employee disciplinary case would not take place – the adjudication follows from the investigation. Indeed, the PRB relies heavily on IRPA's investigation (Tr. 9:23-24), demonstrating a close connection between the CRs and the adjudication – and at least a sufficiently close connection to satisfy the "related to" language in the amendment. Therefore, it is not that the CRs ultimately may be relevant in a later adjudication, but that the CRs comprise the bulk of *what is relevant* to the adjudication. But see *Macias*, No. 09 C 1240 * 2 (N.D. Ill. Mar. 10, 2010).

In sum, based on the plain language of the recent FOIA amendment, the CRs are exempted from public disclosure unless discipline was imposed. As such, the Court's previous decision, relying on *Gekas*, no longer reflects the current state of the law. While the Court remains sympathetic to the view expressed in *Gekas* that what an officer "does in his capacity as a deputy sheriff is not his private business" (912 N.E.2d at 361), it also is true that pretrial discovery – unlike a trial itself – "is usually conducted in private" (*Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009). But most importantly for present purposes, the timing and language of the 2010 amendments to the Illinois FOIA strongly suggest that the Illinois General Assembly was aware of *Gekas* and chose to draw the line concerning public access to CRs as to which discipline has not been imposed in a different place. The Court is not inclined to disregard that legislative determination, and thus concludes that CRs are exempt from disclosure to the extent set forth in Section 140/7(1)(n). To be sure, where discipline is (or was) imposed, the CRs are not entitled to protection from disclosure and thus are not within the scope of a valid protective order.

### III. Conclusion

For the reasons stated above, Defendants' motion for reconsideration [49] is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.